GONZÁLEZ, PLAINTIFF AND APPELLEE, *v.* VIRELLA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in an Action of Debt.

No. 1466.—Decided July 21, 1916.

ACTION OF DEBT—PROMISSORY NOTE—ORIGIN OF NOTE.—Although in an action of debt a promissory note is transcribed in the complaint without specifying the origin of the same, if the defendant does so in the new matter of his answer and it is also clearly explained by the evidence, the court may consider its origin in order to apply the law governing the case.

ID.—NOTE PAYABLE TO ORDER.—The *note payable to order* having been given in part payment of the purchase price of a house, the provisions of section 1138 of the Civil Code are applicable.

ID.—ID.—CIVIL OR MERCANTILE NOTE.—Section 1138 of the Civil Code makes no distinction between civil and mercantile notes payable to order, and in order that the said section may apply it is only necessary to show that it is really a *note payable to order,* without giving the civil or commercial character thereof; for, whether the one or the other, it would be a *note payable to order* which, when given in payment, only produces the effect of payment when collected or when, by the fault of the creditor, its value has been affected.

The facts are stated in the opinion.

*Messrs. José* and *Manuel Tous Soto* for the appellant.

*Messrs. Muñoz & Brown* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action of debt on account of the non-payment of the amount due on a promissory note payable to order received in payment of the purchase price of certain real property.

Summarized, the complaint alleges that, for value agreed upon, the defendant endorsed to the plaintiff a promissory note which reads as follows:

"'$2,451.67 U. S. Cy.   We owe and promise to pay to Rosa Virella, widow of Ruiz, or to her order, at the head office of this company on September 5, 1912, the sum of two thousand four hundred and fifty-one and 67/100 dollars, with interest at 12 per cent annually, payable quarterly; and we reserve the right to take up this note six months after the date hereof.—San Juan, P. R., September 5, 1911.— Borinquen Sugar Company.—Anto. Caubet, Vice President.—Pay to Benito González or order for value agreed upon.—San Juan, P. R., May 22, 1912.—Rosa Virella, widow of Ruiz.''

It is alleged that at its maturity the plaintiff presented the note for payment, which was refused, and thereupon he protested the same and gave notice of the protest to the defendant, and that when the defendant endorsed the note it was agreed between the parties that in case the maker should not pay it, the defendant would respond for the amount, but she has failed to comply with this obligation.

In her answer to the complaint the defendant admitted the making and endorsement of the note in question, but denied its other allegations.   As new matter of defense the defendant alleged, in brief, the following: That the Borinquen Sugar Company made the said note payable to the defendant; that when she endorsed the same to the plaintiff she did not agree to guarantee its payment; that the debtor corporation is solvent; that judgment for the amount of the note has not been obtained against the said corporation; that neither the Borinquen Sugar Company nor the

defendant was a merchant at the time the note was made, and that "neither Rosa Virella, widow of Ruiz, nor Benito González was a merchant when the former endorsed the note to the latter; that the said endorsement was made by defendant Rosa Virella to Benito González in satisfaction of the purchase price of a house on Cerra Street, Santurce, municipal district of San Juan, which plaintiff González conveyed to defendant Rosa Virella, one of the conditions of the contract being that payment should be made by means of the said note, and that the plaintiff should return to the defendant the difference between the purchase price agreed upon and the amount of the note."

The evidence of the plaintiff consisted of the said promissory note; of the protest thereof; of a certificate showing that the Borinquen Sugar Company had been placed in the hands of a receiver; of a copy of the power of attorney given by the defendant to José Vilá authorizing him to buy and sell real property, pay debts and manage the properties of the defendant, and of the testimony of the plaintiff, of Pablo Santana, of José Vilá and of the defendant. The plaintiff and witness Santana testified that when the defendant endorsed the note she agreed through her agent Vilá to pay the same if the Borinquen Sugar Company failed to do so. The defendant admitted that another witness, who did not appear, would testify to the same effect. Witness José Vilá and the defendant denied the existence of such obligation. In their testimony the defendant and Vilá stated that the note for the amount claimed was delivered to the plaintiff in satisfaction of the purchase price of a house which the defendant purchased from the plaintiff.

Finally the case went to trial and on September 17, 1915, the district court rendered judgment against the defendant, who took the present appeal.

An extract from the opinion of the district court, showing the real ground on which it based its judgment, follows:

"The evidence shows that the note was delivered to the plaintiff as part of the purchase price of a house which he sold to the defendant. Therefore, the defendant should pay the price agreed on in legal currency of Porto Rico, a part of which is sued for in this action, because she received its equivalent in property and for that reason was indebted to the plaintiff in that amount.

"Section 1138 of the Civil Code reads:

" 'Payments of debts of money shall be made in the specie stipulated and, should it not be possible to deliver the specie, in legal silver or gold coin current in Porto Rico.

" 'The delivery of promissory notes to order or drafts or other commercial paper shall only produce the effects of payment when collected or when, by the fault of the creditor, their value has been affected.

" 'In the meantime the action arising from the original obligation shall be suspended.'

"Of course, when, as in the present case, a note is received in payment and the same is not honored by the maker or its value has not been affected by the fault of the creditor, the endorser is liable for its amount, which had been received already from the plaintiff."

In her brief the appellant assigns the following errors:

"*First.* The court erred in holding that José Vilá, the agent of the defendant, was empowered by her to guarantee the payment of the endorsed note.

"*Second.* The court erred in holding that the agent Vilá, in the absence of an enlargement of his powers, could extend the liability of his principal under a contract entered into directly by the latter, by a subsequent act of his without her intervention or knowledge.

"*Third.* The court erred in holding that a promissory note is actionable without a prior discussion of the property of the surety.

"*Fourth.* The court erred in admitting oral evidence to the effect that the endorser of the promissory note had agreed to guarantee payment to the endorsee, thus varying the conditions of the contract for the assignment of the note.

"*Fifth.* The court erred in considering that the action was one for the performance of a contract of purchase and sale and payment of the purchase price, instead of being simply an action of a civil character for recovery on a promissory note, the action being directed against the endorser.

"*Sixth.* The court erred in rendering judgment against the defendant for the sum of $2,451.67 as the deferred purchase price, inasmuch as the complaint contains no allegation or even any allusion to such a contract of purchase and sale."

We will consider first the fifth and sixth assignments of error, for if the grounds on which the district court based its judgment are sound, it will not be necessary to inquire into the other questions raised by the appellant.

The complaint is entitled an "action of debt" and although the said note is transcribed therein it is true that no explanation is given as to its origin. But what the plaintiff failed to do was done by the defendant in the new matter set up in her answer, and, besides, it was fully explained by the evidence. Therefore, when the case was finally submitted to the trial court it knew by the pleadings and the evidence that the plaintiff and defendant had entered into a contract for the purchase and sale of a house; that a note payable to order was delivered in part payment; that at maturity the note was presented for payment and the maker did not pay it, and that thereupon the vendor of the property demanded that the purchaser pay him the amount of the note in money.

We are of the opinion that the district court correctly weighed the facts and applied the proper law governing the case.

There is no doubt as to the existence of the contract of purchase and sale. Nor can it be denied that payment of a part of the purchase price was made by a note payable to order. And the evidence clearly shows that the note was not paid at maturity and that its value was not affected by the fault of the holder.

But the defendant-appellant maintains that although a note payable to order is involved, it is not commercial paper because none of the parties thereto were engaged in commer-

cial pursuits and it was not the result of any mercantile transaction, and that this being the case, the second paragraph of section 1138 of the Civil Code, which refers only to genuine commercial paper, is not applicable. The appellant further contends that the provision of law which is really applicable is to be found in section 1432 of said Civil Code, which provides that ''A vendor in good faith shall be liable for the existence and legitimacy of the credit at the time of the sale unless it should have been sold as doubtful, but he shall not be liable for the solvency of the debtor unless it has been expressly stipulated, or if the insolvency should be prior and public.''

However, in our opinion this case is not one of a simple assignment or sale of a credit evidenced by a promissory note proceeding from a civil transaction, but of the payment of a part of the purchase price of a house by means of a promissory note *payable to order* and is expressly covered by the statutory provision applied by the trial court.

Section 1138 of the Civil Code does not distinguish between notes payable to order of civil or of commercial origin, and in order that the said section may be applicable, it is only necessary to show that an actual promissory note payable to order is involved; and it is not necessary to define whether it is of a civil or of a commercial character, for whichever it may be, it is none the less a promissory note payable to order which, when given in payment, can produce the effect of releasing the debtor only when collected or when by the fault of the creditor its value has been affected.

In commenting on article 1170 of the former Civil Code, similar to section 1138 of the revised edition, Manresa expresses himself as follows:

''As to the kind of paper referred to by the code, it need not necessarily be commercial, but may also be civil, the express mention of the former being explained by the fact that it is the more general

form of credit, although the use of the latter in purely civil transactions is gradually increasing. Said paper may be payable to order or to bearer, for the use of the former term in the code is applied to the promissory notes to which it refers, and later it permits the enlargement of the idea and the inclusion of the two forms of paper credits." VIII Manresa, Commentaries on the Civil Code, p. 278.

And Scaevola says, among other things, the following:

"On the other hand, said article 1170 provides that the delivery of promissory notes payable to order, drafts or other commercial paper shall produce the effects of payment only when collected or when by the fault of the creditor their value has been affected. In the first place, this presupposes that the creditor has agreed to accept the said paper in satisfaction of his debt, for otherwise he could not be compelled to receive it in payment of the debt. It might occur also that the delivery of such promissory notes, drafts or other commercial paper had been stipulated in the contract. In any event, as this paper is not money until collected, only to such extent does it operate to release the debtor from the obligation contracted, except, of course, when by reason of the failure of the creditor to present the same for collection within the proper time the value thereof had been affected and it loses thereby its binding force. In such a case, as it involves an act depending upon the negligence of the creditor, he is chargeable with the consequences thereof should the credit thereby become ineffective in whole or in part."

In view of the foregoing and having reached the conclusion that the district court correctly applied the provisions of said section 1138 of the Civil Code, it is not necessary to consider the other assignments of error made by the appellant, and the judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.